**PAHL & McCAY**
A Professional Law Corporation
**Catherine Schlomann Robertson, Esq.** (State Bar No. 136213)
225 West Santa Clara Street
Suite 1500
San Jose, California 95113-1752
Telephone:     (408) 286-5100
Facsimile:      (408) 286-5722
Email:  crobertson@pahl-mccay.com

Attorneys for Plaintiff
FLEXIBLE FUNDING LTD LIABILITY CO.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLEXIBLE FUNDING LTD. LIABILITY CO.,<br><br>                    Plaintiff,<br><br>v.<br><br>APOLLO RESEARCH PARTNERS LLC,<br>JEREMY HARE, INDIVIDUALLY, and<br>DOES 1 through 20, inclusive,<br><br>                    Defendants. | Case No.<br><br>*[Unlimited Jurisdiction – Amount Demanded Exceeds $25,000]*<br><br>**COMPLAINT FOR BREACH OF CONTRACT, MONEY HAD AND RECEIVED, CONVERSION, BREACH OF GUARANTY, FRAUD AND DECEIT, AND BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING** |

Comes now Plaintiff, FLEXIBLE FUNDING LTD. LIABILITY CO. and alleges as follows:

## JURISDICTION AND VENUE

1.      At all times relevant herein, Plaintiff FLEXIBLE FUNDING LTD. LIABILITY CO. was a California corporation with its principal place of business in the City of San Francisco, County of San Francisco, California.

2.      This Court has pendent jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

4.      The amount in controversy herein exceeds $75,000, exclusive of interest costs.

5.      Venue is proper in the Northern District of California pursuant to 28 U.S.C. §

COMPLAINT FOR BREACH OF CONTRACT...                                              (Case No. )

Pahl & McCay
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*1879/007 -
00627556.DOCX.
1

1391(a) (2), as a substantial part of the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

6.  Plaintiff is informed and believes and thereon alleges, that at all times relevant herein, Defendants APOLLO RESEARCH PARTNERS LLC and JEREMY HARE are residents of the state of New Jersey.

## GENERAL ALLEGATIONS

7.  FLEXIBLE FUNDING Ltd. Liability Company ("FLEXIBLE FUNDING") is in the business of providing financing to temporary staffing agencies.

8.  On November 23, 2016, FLEXIBLE FUNDING met with JEREMY HARE in Philadelphia regarding the potential for funding APOLLO RESEARCH PARTNERS LLC ("APOLLO") by FLEXIBLE FUNDING.   Steve Capper and later, others at FLEXIBLE FUNDING, were led to believe that APOLLO focused on placing high-level accounting and financing personnel including high-demand, hard-to-find candidates, and obtained favorable margins and markups. JEREMY HARE represented to Steve Capper that APOLLO had a good database of candidates and was able to provide both temporary and permanent placements. JEREMY HARE also represented that APOLLO's business also provided staffing for call centers and, in particular, The Results Company, which is discussed below.

9.  JEREMY HARE represented himself as an acknowledged expert on Temporary Staffing, with several network interviews and articles to his credit.

10.  After standard due diligence, FLEXIBLE FUNDING proceeded with approval for invoice financing to APOLLO on June 16, 2017. Under that agreement, JEREMY HARE, for APOLLO would provide FLEXIBLE FUNDING with bona fide invoices and time sheets reflecting work performed by temporary workers for APOLLO and for which APOLLO was owed monies by its customer companies, which FLEXIBLE FUNDING would advance against.  After FLEXIBLE FUNDING wires money to meet payroll, payments from the staffing agency's customer typically flow directly to a FLEXIBLE FUNDING-controlled U.S. Post Office box, or are paid to a FLEXIBLE FUNDING bank routing and account number.

Pahl & McCay
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*1879/007 -
00627556.DOCX.
1

**COMPLAINT FOR BREACH OF CONTRACT...**                                   (Case No. )

11.   On or about June 16, 2017, FLEXIBLE FUNDING and APOLLO executed an Accounts Receivable Financing Agreement, (the "Factoring Agreement"), whereby FLEXIBLE FUNDING, for valuable consideration, purchased certain account receivables of APOLLO.  A true and correct copy of the Factoring Agreement is attached hereto and incorporated herein as Exhibit A.

12.   In the Factoring Agreement and (separate) assignment forms, APOLLO and JEREMY HARE warranted that:

13.   APOLLO RESEARCH PARTNERS warrants and represents that (except insofar as APOLLO RESEARCH PARTNERS and FLEXIBILE FUNDING have expressly otherwise agreed in writing):

a.  The Collateral is free and clear of all liens, encumbrances, security interests and adverse claims other than such as were created by this Agreement in favor of FLEXIBLE FUNDING; and

b.  All accounts included in the calculation of the Available Loan Amount will, when assigned and at all times thereafter, be prime accounts, created by absolute rendering of service and will be genuine, bona fide and collectible; and

c.  No account included in the calculation of the Available Loan Amount will, when assigned and at all time thereafter be subject to any dispute, right of offset, counterclaim or right of cancellation; and

d.  All Accounts included in the calculation of the Available Loan Amount will, when assigned and at all time thereafter, be due and unconditionally payable on terms of thirty (30) days or less, and will conform to the terms expressly set forth on the face of the relevant invoice, no account will be past due at the time assigned; and

e.  All facts, figures, representations given, or caused to be giving by APOLLO RESEARCH PARTNERS to FLEXIBLE FUNDING in connection with the value of the invoices assigned hereunder will be true and correct.  FLEXIBLE FUNDING may verify CLIENT's account balances; and

f.  APOLLO RESEARCH PARTNERS' books and records do and will fully and accurately reflect all of APOLLO RESEARCH PARTNERS' assets and liabilities (absolute and contingent), have been and will be kept in the ordinary course of business in accordance  with generally accepted accounting principle consistently applied and all information contained therein is and will be true and correct, and

g.  All taxes of any governmental or taxing authority due or payable by, imposed or assessed against, APOLLO RESEARCH PARTNERS, have been paid and will be paid in full before delinquency; and

h.  There are no actions or proceedings pending by or against APOLLO RESEARCH PARTNERS before any court of administrative agency, and there are

Pahl & McCay
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*1879/007 -
00627556.DOCX.
1

--------------------
COMPLAINT FOR BREACH OF CONTRACT...

3

--------------------
(Case No. )

no pending threatened, or imminent governmental investigations, or claims, complaints, or prosecutions involving APOLLO RESEARCH PARTNERS; and

i. APOLLO RESEARCH PARTNERS has the legal power an authority to enter into this Agreement and to perform and discharge APOLLO SEARCH PARTNERS' obligation hereunder.

14.   To secure APOLLO's obligations to FLEXIBLE FUNDING, APOLLO granted FLEXIBLE FUNDING a security interest in its collateral as follows:

APOLLO RESEARCH PARTNERS hereby agrees that all of its obligations under this Agreement are hereby secured by the assignment to FLEXIBLE FUNDING of the following property (hereinafter the "Collateral"):

All accounts receivable, rights to receive payment for services rendered whether by contact or otherwise, rights to liquidated damages, claims for unliquidated debts (the "Accounts") now existing or hereafter created arising from any business of APOLLO RESEARCH PARTNERS (whether or not such Accounts are evidenced by time cards created in connection with the performance of services by APOLLO RESEARCH PATNERS' employees or agents); and

All proceeds from such Accounts, including without limitation, all cash monies, bank accounts, deposit accounts and similar accounts of any kind, and;

All books and records relating to any of the above, including, without limitation, all computer programs printed output and computer readable data in the possession or control of APOLLO RESEARCH PARTNERS, any computer service bureau, FLEXIBLE FUNDING, or any third party.

APOLLO RESEARCH PARTNERS agrees to not further encumber the collateral described herein.

(the "Collateral"), which security interest was perfected by virtue of a UCC-1 Financing Statement filed with the Secretary of State for the State of New Jersey.

15.   In conjunction with the execution of the Factoring Agreement, JEREMY HARE guaranteed FLEXIBLE FUNDING, in writing, that he would pay all indebtedness and obligations of APOLLO to FLEXIBLE FUNDING, which were then presently due or which thereafter became due (the "Guaranty").  A true and correct copy of the JEREMY HARE Guaranty is attached hereto and incorporated herein as Exhibit B.

16.   Thereafter, APOLLO provided services to account debtors Results Companies, Boyds LP and Harbor Linens, and issued Invoices as follows:

///

///

**Pahl & McCay**
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*1879/007 -
00627556.DOCX
1

--------------------
**COMPLAINT FOR BREACH OF CONTRACT...**

4

--------------------
(Case No. )

| Results Companies | Date | Invoice No. | Amount |
|---|---|---|---|
| | 6/20/17 | 1587 | $16,203.50 |
| | 6/27/17 | 1592 | $33,441.92 |
| | 7/3/17 | 1594 | $43,692.07 |
| | 7/11/17 | 1596 | $48,942.58 |
| | 7/18/17 | 1598 | $57,106.78 |
| | 7/25/17 | 1600 | $57,215.82 |
| | 8/1/17 | 1602 | $59,567.88 |
| | 8/1/17 | 1603 | $816.00 |
| | 8/8/17 | 1605 | $59,724.37 |
| | 8/15/17 | 1608 | $60,135.45 |
| **Harbor Linens** | 6/27/17 | 1593 | $1,086.93 |
| | 7/3/17 | 1595 | $1,166.77 |
| | 7/11/17 | 1597 | $930.75 |
| | 7/18/17 | 1599 | $1,215.08 |
| | 7/25/17 | 1601 | $1,097.65 |
| | 8/8/17 | 1606 | $1,020.00 |
| | 8/15/17 | 1609 | $1,208.19 |
| **Boyds LP** | 8/1/17 | 1604 | $8,646.27 |
| | 8/8/17 | 1607 | $7,929.09 |
| | 8/15/17 | 1610 | $8,407.21 |
| **TOTAL** | | | **$469,554.31** |

True and correct copies of the Invoices are attached hereto and incorporated herein as Exhibit C.

17.    FLEXIBLE FUNDING confirmed, via document review, that each of the Timecards associated with the Invoices, was signed with Manager Approval.

18.    FLEXIBLE FUNDING uses Loan Reports to keep track of the total of current accounts receivable, which accounts receivable are available for FUNDING, loan balance,

Pahl & McCay
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*1879/007 -
00627556.DOCX.
1

1   availability of funds, and advances and fees. FLEXIBLE FUNDING subtracts a FUNDING fee

2   from the amount requested and permits borrowers to borrow up to 90% of all invoices that are

3   under 30, 45 or 60 days old, depending on the contract.

4        19.    APOLLO assigned the invoices identified above, individually, to FLEXIBLE

5   FUNDING via a Loan Report and obtained an advance.  On each and every  Loan Report, which

6   was the electronic request for FUNDING, Defendants warrantied the following:

7           By submission of this Loan Report, we hereby (1) assigns to FLEXIBLE
        FUNDING all rights, title and interest in and to each and every

8           account(s)/Invoice(s) identified herein pursuant to the terms of the Account
        Receivable Financing Agreement (2) certify that the CLIENT(S) named below are

9           indebted to the undersigned in the sum set forth, for personal property sold and
        delivered and/or work and labor done in the amounts(s) set forth herein and that

10          there presently exists no right of discount or dispute, offset, counterclaim, right of
        return, setoff or cancellation; and (3) agree that if any dispute, or discount, offset,

11          counterclaim, right of return or setoff is hereafter asserted, we will immediately
        notify FLEXIBLE FUNDING in writing.

12

13       20.    Between June 20, 2017 and August 15, 2017, JEREMY HARE submitted invoices

14  to FLEXIBLE FUNDING and requested funds. Based on the documentation, FLEXIBLE

15  FUNDING wired moneys to APOLLO on nine separate occasions totaling $411,838.31.

16  **June 20, 2017 Wire Transfer Details**

17       21.    On June 20, 2017, JEREMY HARE sent an email to Ron Ventre of FLEXIBLE

18  FUNDING attaching what purported to be an invoice (#1587) from APOLLO to The Results

19  Companies in the amount of $16,203.50. The invoice attached a list of names and hours for temp

20  employees. The email also attached what purported to be an email from an employee at The

21  Results Companies to JEREMY HARE transmitting the hours report.

22       22.    Later on June 20, 2017, JEREMY HARE sent an email to Nash Liao at FLEXIBLE

23  FUNDING attaching a copy of an APOLLO check displaying its BB&T Corporation ("BB&T")

24  bank account number. JEREMY HARE requested that FLEXIBLE FUNDING "wire the money

25  today so that it hits today for the first time wire transfer. I can have my father set up the file and

26  send it to you each week with regards to hours, aging, and open invoices."

27       23.    Relying on the invoice and hours report as being valid, FLEXIBLE FUNDING

28  authorized a wire transfer to APOLLO's account on June 20, 2017, and, pursuant to this

Pahl & McCay
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*1879/007 -
00627556.DOCX.
1

1 instruction, Umpqua Bank wired $14,164.40 to the BB&T bank account of APOLLO.

2   24. In addition, on or about June 20, 2017, Nash Liao commented to JEREMY HARE

3 that the invoice number JEREMY HARE had sent did not match that on the USA Staffing aging

4 report. JEREMY HARE became defensive and explained that "new invoice numbers" were being

5 used.

6 **June 27, 2017 Wire Transfer Details**

7   25. On June 27, 2017, JEREMY HARE sent an email to Nash Liao of FLEXIBLE

8 FUNDING attaching what purported to be invoices from APOLLO to The Results Companies

9 (#1592) and Harbor Linens (#1593) in the amounts of $33,441.92 and $1,086.93, respectively, and

10 totaling $34,528.85. With respect to The Results Companies, the invoice attached a list of names

11 and hours for temp employees, and attached what purported to be an employee timecard for

12 Nateline Gibson, a temporary employee working on behalf of Harbor Linens. The timecard

13 appeared to be signed by Nateline Gibson and Michelle O'Donnell, a manager at Harbor Linens.

14 JEREMY HARE wrote "Please find what is needed this week for the FUNDING of our payroll

15 (all of the invoices have already been sent to the clients)" and requested that the money be wired

16 the same day.

17   26. Relying on the invoice and hours report as being valid, FLEXIBLE FUNDING

18 authorized a wire transfer to APOLLO's account on June 27, 2017, and, pursuant to this

19 instruction, Umpqua Bank wired $30,211.91 to the BB&T bank account of APOLLO.

20 **July 3, 2017 Wire Transfer Details**

21   27. On July 3, 2017, JEREMY HARE sent an email to Nash Liao of FLEXIBLE

22 FUNDING attaching what purported to be invoices from APOLLO to The Results Companies

23 (#1594) and Harbor Linens (#1595) in the amounts of $43,692.07 and $1,166.77, respectively, and

24 totaling $44,858.84. With respect to The Results Companies, the email attached a list of names

25 and hours for temp employees. With respect to Harbor Linens, the email again attached what

26 purported to be an employee timecard for Nateline Gibson, and the timecard appeared to be signed

27 by Nateline Gibson and Michelle O'Donnell. JEREMY HARE requested that FLEXIBLE

28 FUNDING wire the money "again today" and stated that he was "doing the time cards and

Pahl & McCay
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*1879/007 -
00627556.DOCX.
1

**COMPLAINT FOR BREACH OF CONTRACT...**     (Case No. )

1  invoicing, today instead of tomorrow because of the holiday. I appreciate you doing this a day

2  earlier so that I don't have to worry with the short week. Also my dad will be back next week, we

3  will be creating the quickbooks reports starting next week for you with the 4 columns that you

4  need and requested."

5      28.     Relying on the invoice and hours report as being valid, FLEXIBLE FUNDING

6  authorized a wire transfer to APOLLO's account on July 3, 2017, and, pursuant to this instruction,

7  Umpqua Bank wired $39,257.89 to the BB&T bank account of APOLLO.

8  **July 11, 2017 Wire Transfer Details**

9      29.     On July 11, 2017, JEREMY HARE sent an email to Nash Liao of FLEXIBLE

10  FUNDING attaching what purported to be invoices from APOLLO to The Results Companies

11  (#1596) and Harbor Linens (#1597) in the amounts of $48,942.58 and $930.75, respectively, and

12  totaling $49,873.33. With respect to The Results Companies, the email again attached a list of

13  names and hours for temp employees. With respect to Harbor Linens, the email again attached

14  what purported to be an employee timecard for Nateline Gibson, and the timecard appeared to be

15  signed by Nateline Gibson and Michelle O'Donnell. JEREMY HARE requested that FLEXIBLE

16  FUNDING wire the money "again today" and stated:

17          "Send an updated aging report, so that we can take over starting next week and
           make sure we are all starting with the same numbers... We will start next week
18          sending the 4 column quickbooks reports for you. My father will have internet
           access either Thursday or Friday and we are good going forward with taking over
19          all of the aging. If you can please include this week's loan, we will be in great shape
           going forward. You will have the aging report from APOLLO next week, setup
20          how you have asked!! I am off to spin class and then off to NYC for business
           meetings, so I wanted to get this done early for you. I look forward to the deposit
21          later today. Thanks again in advance!! You are a pleasure to work with!!"

22      30.     Relying on the invoice and hours report as being valid, on FLEXIBLE FUNDING

23  authorized a wire transfer to APOLLO's account on July 11, 2017, and, pursuant to this

24  instruction, Umpqua Bank wired $43,649.08 to the BB&T bank account of APOLLO.

25  **July 18, 2017 Wire Transfer Details**

26      31.     On July 18, 2017, JEREMY HARE sent an email to Nash Liao of FLEXIBLE

27  FUNDING attaching what purported to be invoices from APOLLO to The Results Companies

28  (#1598) and Harbor Linens (#1599) in the amounts of $57,106.78 and $1,215.08, respectively, and

Pahl & McCay
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*1879/007 -
00627556.DOCX.
1

---------------------                    8                    ---------------------
**COMPLAINT FOR BREACH OF CONTRACT...**                       (Case No. )

totaling $58,321.86. With respect to The Results Companies, the email again attached a list of names and hours for temp employees. With respect to Harbor Linens, the email again attached what purported to be an employee timecard for Nateline Gibson, and the timecard appeared to be signed by Nateline Gibson and Michelle O'Donnell. JEREMY HARE requested that FLEXIBLE FUNDING "wire this money again today"and stated:

> "All of the aging has been updated in our Quickbook's system and the reports you were looking for have been created and are now an easy click to export them into an excel spreadsheet each week. I spoke to the Results Company yesterday and the first invoice (#1587) will be mailed tomorrow and each week after on the Wednesday cycle. I look forward to the deposit later today. Thanks again in advance!! You are a pleasure to work with!!"

32.     Relying on the invoice and hours report as being valid, FLEXIBLE FUNDING authorized a wire transfer to APOLLO's account on July 18, 2017, and, pursuant to this instruction, Umpqua Bank wired $51,204.92 to the BB&T bank account of APOLLO.

**July 25, 2017 Wire Transfer Details**

33.     On July 25, 2017, JEREMY HARE sent an email to Nash Liao of FLEXIBLE FUNDING attaching what purported to be invoices from APOLLO to The Results Companies (#1600) and Harbor Linens (#1601) in the amounts of $57,215.82 and $1,097.65, respectively, and totaling $58,313.47. With respect to The Results Companies, the email again attached a list of names and hours for temp employees. With respect to Harbor Linens, the email again attached what purported to be an employee timecard for Nateline Gibson, and the timecard appeared to be signed by Nateline Gibson and Michelle O'Donnell. JEREMY HARE requested that FLEXIBLE FUNDING "wire this money again today" and stated:

> "All of the aging has been updated in our Quickbook's system and my Father just got off of the airplane literally 5 minutes ago and will show me how to download the report. I am meeting with him on Friday all day to go over accounting and open business issues. Poor guy got up at 3 am to fly back from Florida to be in the office by 1am!! Also, the Boyd's account goes live today, so we will have to payroll that in a week to get the candidate paid!! I look forward to the deposit later today. Thanks again in advance!! You are a pleasure to work with!!"

34.     Relying on the invoice and hours report as being valid, FLEXIBLE FUNDING authorized a wire transfer to APOLLO's account on July 25, 2017, and, pursuant to this instruction, Umpqua Bank wired $51,197.55 to the BB&T bank account of APOLLO.

Pahl & McCay
A Professional Corp
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*1879/007 -
00627556.DOCX.
1

August 1, 2017 Wire Transfer Details

35.     On August 1, 2017, JEREMY HARE sent an email to Nash Liao of FLEXIBLE FUNDING attaching what purported to be invoices from APOLLO to The Results Companies (#1602), Harbor Linens (#1603 — note that this invoice is addressed to The Results Company), and Boyds LP (#1604) and in the amounts of $59,567.88, $816.00, and $8,646.27, respectively, and totaling $69,030.15. With respect to The Results Companies, the email again attached a list of names and hours for temp employees. With respect to Harbor Linens, the email again attached what purported to be an employee timecard for Nateline Gibson, and the timecard appeared to be signed by Nateline Gibson and Michelle O'Donnell. With respect to Boyds LP, the email attached purported email correspondence between Emilie Kirkland, Finance Manager/Temp CFO at Boyds, and Rosalie Farrai and Al Schaefer, both of Boyds, regarding the approval of hours submitted for Kirkland.

36.     JEREMY HARE requested that FLEXIBLE FUNDING "wire this money again today" and stated "I look forward to the deposit later today. Thanks again in advance!! You are a pleasure to work with!!"

37.     Relying on the invoice and hours report as being valid, FLEXIBLE FUNDING authorized a wire transfer to APOLLO's account on August 1, 2017, and, pursuant to this instruction, Umpqua Bank wired $60,611.09 to the BB&T bank account of APOLLO.

**August 8, 2017 Wire Transfer Details**

38.     On August 8, 2017, JEREMY HARE sent an email to Scott Dirvonas of FLEXIBLE FUNDING attaching what purported to be invoices from APOLLO to The Results Companies (#1605), Harbor Linens (#1606), and Boyds LP (#1607) and in the amounts of $59,724.37, $1020.00, and $7,929.09, respectively, and totaling $68,673.46. With respect to The Results Companies, the email again attached a list of names and hours for temp employees. With respect to Harbor Linens, the email again attached what purported to be an employee timecard for Nateline Gibson, and the timecard appeared to be signed by Nateline Gibson and Michelle O'Donnell. With respect to Boyds LP, the email attached purported email correspondence between Emilie Kirkland, Rosalie Farrai, and Al Schaefer regarding the approval of hours submitted for

Pahl & McCay
A Professional Corp
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*1879/007 -
00627556.DOCX.
1

COMPLAINT FOR BREACH OF CONTRACT...                              (Case No. )

1   Kirkland.

2   39.   JEREMY HARE told Dirvonas that he tried to upload "the file 5 different times.

3   Please find what is needed this week ... all of the invoices have already been sent to the clients."

4   He requested that FLEXIBLE FUNDING "wire this money again today" and stated "I look

5   forward to the deposit later today. Thanks again in advance!! You are a pleasure to work with!!"

6   40.   Relying on the invoice and hours report as being valid, FLEXIBLE FUNDING

7   authorized a wire transfer to APOLLO's account on August 8, 2017, and, pursuant to this

8   instruction, Umpqua Bank wired $60,297.32 to the BB&T bank account of APOLLO.

9   **August 15, 2017 Wire Transfer Details**

10   41.   On August 8, 2017, JEREMY HARE sent an email to Nash Liao and Scott

11   Dirvonas attaching what purported to be invoices from APOLLO to The Results Companies

12   (#1608), Harbor Linens (#1609), and Boyds LP (#1610) and in the amounts of $60,135.45,

13   $1,208.19, and $8,407.21, respectively, and totaling $69,750.85 (although JEREMY HARE

14   appears to have transposed the numbers in this total and requested $69,570.85). With respect to

15   The Results Companies, the email again attached a list of names and hours for temp employees.

16   With respect to Harbor Linens, the email again attached what purported to be an employee

17   timecard for Nateline Gibson, and the timecard appeared to be signed by Nateline Gibson and

18   Michelle O'Donnell. With respect to Boyds LP, the email attached purported email

19   correspondence between Emilie Kirkland, Rosalie Farrai, Al Schaefer regarding the approval of

20   hours submitted for Kirkland.

21   42.   JEREMY HARE requested that FLEXIBLE FUNDING "wire this money again

22   today" and stated "I look forward to the deposit later today. Thanks again in advance!! You are a

23   pleasure to work with!!"

24   43.   Relying on the invoice and hours report as being valid, FLEXIBLE FUNDING

25   authorized a wire transfer to APOLLO's account on August 8, 2017, and, pursuant to this

26   instruction, Umpqua Bank wired $61,244.15 to the BB&T bank account of APOLLO.

27   44.   On August 15, 2017, Nash Liao corresponded with JEREMY HARE to inquire

28   about a payment that was supposed to have arrived three weeks before from The Results

Pahl & McCay
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*1879/007 -
00627556.DOCX.
1

COMPLAINT FOR BREACH OF CONTRACT...

11

1  Companies. JEREMY HARE responded on August 16 that the payment was confirmed by Maria

2  Leyva in the A/P department.

3  **The Aftermath**

4      45.    On August 21, 2017, Steve Capper, for FLEXIBLE FUNDING spoke with

5  JEREMY HARE by telephone. JEREMY HARE told Steve Capper that he was on vacation at the

6  Jersey Shore with his family. Steve Capper questioned him about payments that had not arrived at

7  FLEXIBLE FUNDING. JEREMY HARE said that payments were being processed for

8  FLEXIBLE FUNDING.

9      46.    On August 22, 2017, John Villanueva, of FLEXIBLE FUNDING, sent an email to

10  Darlene Logan of The Results Companies, whose name JEREMY HARE had provided, asking for

11  the status of payment on the invoices provided by APOLLO.

12      47.    Later on August 24, 2017, in follow up to the telephone call, John Villanueva sent

13  another email to Logan. He attached copies of each of the invoices that had been provided to

14  FLEXIBLE FUNDING by JEREMY HARE and asked for the status of payment on the invoices.

15  On the same day, John Villanueva spoke with Darlene Logan and Maria Leyva, both-identified by

16  JEREMY HARE. They said that there were no invoices outstanding and there were no payments

17  being processed or due. John Villanueva told his colleagues that "[i]t appears JEREMY HARE is

18  double dipping providing us with bogus invoices."

19      48.    On August 25, 2017, John Villanueva sent an email to Maria Leyva and Joe

20  Vincent, Site Operations Director of Corporate Call Centers, which was owned by The Results

21  Companies, attaching the same invoices and asking that they verify the employees who allegedly

22  worked.

23      49.    On August 28, 2017, John Villanueva and Nash Liao participated in a conference

24  call with Vincent. On the call, Vincent confirmed that the invoices were not valid. He advised

25  John Villanueva and Nash Liao that he knew who JEREMY HARE was but that he only

26  recognized one name on the invoices. He also said that the company names for which jobs were

27  supposedly done were not ones that Corporate Call Centers was actively working on at that time.

28  ///

Pahl & McCay
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*1879/007 -
00627556.DOCX.
1

COMPLAINT FOR BREACH OF CONTRACT...        (Case No. )

**Harbor Linens**

50.     On August 8, 2017, and August 16, 2017, Nash Liao exchanged emails with JEREMY HARE regarding outstanding payments for this account. On August 21, 2017, John Villanueva spoke with Loretta in accounts payable at Harbor Linens who did not recognize the oldest invoice JEREMY HARE had submitted to FLEXIBLE FUNDING for this account for $1,086.93 (#1593). Loretta advised Villanueva to contact Michelle O'Donnell at Harbor Linens via email, and he did so on August 22, 2017. John Villanueva made multiple attempts to contact Harbor Linens by phone. To date, FLEXIBLE FUNDING has received no further response from Harbor Linens and has not been able to verify the invoices that JEREMY HARE submitted.

**Boyds L.P.**

51.     On August 21, 2017, John Villanueva left a voicemail message with Boyds L.P.'s accounts payable department regarding three open invoices (#1604, #1607, and #1610) totaling $24,982.57. John Villanueva made multiple attempts to contact Boyds by phone.

52.     To date, FLEXIBLE FUNDING has received no response from Boyds and has not been able to verify the invoices that JEREMY HARE submitted.

**Conclusion**

53.     Since the telephone conversation on August 21, 2017, JEREMY HARE has not returned any telephone calls and messages to his cell phone number. Nor has he responded to any emails sent by FLEXIBLE FUNDING to him. APOLLO and JEREMY HARE have made no repayments to FLEXIBLE FUNDING. Not only did FLEXIBLE FUNDING lose the loan amounts, but also lost all earned fees on the loans.

54.     In sum, the FLEXIBLE FUNDING is owed and has lost the following amounts:

- The outstanding invoice amount for The Results Companies is $436,030.37 for Invoice #s 1587, 1592, 1594, 1596, 1598, 1600, 1602, 1605, and 1608.

- The outstanding invoice amount for Harbor Linens is $6,287.67 for Invoice #s 1597, 1599, 1601, 1603, 1606 and 1609.

- The outstanding invoice amount for Boyds L.P. is $24,982.57 for Invoice #s 1604, 1607 and 1610.

Pahl & McCay
A Professional Corp
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*1879/007 -
00627556.DOCX.
1

COMPLAINT FOR BREACH OF CONTRACT...                                    (Case No. )

55.     The total amount invoiced by JEREMY HARE to FLEXIBLE FUNDING for these invoices is $411,838.31, and FLEXIBLE FUNDING wired funds on nine occasions between June 20, 2017 and August 15, 2017 totaling this amount to BB&T.

56.     The debt incurred herein was based on JEREMY HARE knowingly submitting multiple materially false written statements regarding his and APOLLO's financial condition which were relied upon by FLEXIBLE FUNDING.

57.     Additionally, the debt arose from "willful and malicious injury" from JEREMY HARE to FLEXIBLE FUNDING, in that JEREMY HARE knowingly engaged in conduct to cause FLEXIBLE FUNDING to continue their funding of APOLLO based on upon his bogus accounting statements, misrepresentations, concealed facts, and deceptive practices, and that JEREMY HARE knowingly participated in a scheme that he knew would result in harm to FLEXIBLE FUNDING but maintain a continual flow of money that he could access to pay personal expenses.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract against APOLLO)

58.     Plaintiff realleges and incorporates herein by this reference each and every foregoing paragraph of this Complaint as though fully set forth herein.

59.     Plaintiff has performed all conditions, covenants, and promises required to be performed on its part in accordance with the terms of the Factoring Agreement.

60.     APOLLO breached the written Factoring Agreement and (separate) written Assignment Forms by, amongst other things, having warranted, in writing, that its receivables were correct and undisputed and that the payment of receivables was not conditional or subject to any defense, offset, or counter claim and would be paid when due, when, in fact, that is not true.

61.     As a result of APOLLO's breach of the contract, Plaintiff has suffered damages in an amount to be proven.

62.     Pursuant to Section 41 of the Factoring Agreement[1], APOLLO agreed to pay all

---

[1] Any dispute between FLEXIBLE FUNDING and APOLLO RESEARCH PARTNERS arising out of or in connection with this Agreement shall, to the extent permitted by law, be determined by binding arbitration before an arbitrator of the American Arbitration Association in San Francisco. The proceeding will be governed by the rules of the Association. The losing party shall pay to the prevailing party any and all legal

Pahl & McCay
A Professional Corp
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*1879/007 -
00627556.DOCX.
1

COMPLAINT FOR BREACH OF CONTRACT...                    (Case No. )

1   attorneys' fees and costs which may be incurred by FLEXIBLE FUNDING in the enforcement of

2   the Factoring Agreement.  FLEXIBLE FUNDING has employed the services of counsel to

3   enforce its rights under the Factoring Agreement and has incurred and will continue to incur

4   attorney's fees and costs as a result.

5       WHEREFORE, FLEXIBLE FUNDING prays for judgment as set forth in the Prayer for

6       Relief below.

### SECOND CLAIM FOR RELIEF

### (Money Had and Received against APOLLO)

9       63.     Plaintiff realleges and incorporates herein by this reference each and every

10   foregoing paragraph of this Complaint as though fully set forth herein.

11       64.     APOLLO became indebted to FLEXIBLE FUNDING for monies had and received

12   from FLEXIBLE FUNDING at its own insistence and request.

13       65.     Although demand has been made, there is now a balance due and owing and unpaid

14   to FLEXIBLE FUNDING based on assigned invoices in the amount of Four Hundred Eleven

15   Thousand Eight Hundred Thirty-Eight Dollars and Thirty-One Cents ($411,838.31), plus interest

16   thereon at the maximum legal rate.

17       WHEREFORE, Plaintiff FLEXIBLE FUNDING prays for judgment against APOLLO as

18       set forth in the Prayer for Relief below.

### THIRD CLAIM FOR RELIEF

### (Conversion against APOLLO and JEREMY HARE)

21       66.     Plaintiff realleges and incorporates herein by this reference each and every

22   foregoing paragraph of this Complaint as though fully set forth herein.

23       67.     At all times relevant herein, FLEXIBLE FUNDING was and still is the owner of,

24   and was and still is entitled to possession of, the monies that APOLLO received.

25       68.     APOLLO and JEREMY HARE misappropriated and converted to their own

26   personal use and possession the payments which rightfully belong to FLEXIBLE FUNDING as

Pahl & McCay
A Professional Corp
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*1879/007 -
00627556.DOCX.
1

27

28

expenses and reasonable attorneys' fees incurred by the prevailing party in enforcing this Agreement.

---------------------                    15                    ---------------------
COMPLAINT FOR BREACH OF CONTRACT...                              (Case No. )

1    consideration for the purchase of receivables.  The total amount misappropriated from FLEXIBLE

2    FUNDING by APOLLO as alleged herein is based on assigned invoices in the amount of Four

3    Hundred Eleven Thousand Eight Hundred Thirty-Eight Dollars and Thirty-One Cents

4    ($411,838.31).

5        69.    Between the time of conversion of the above-mentioned property to its own use and

6    the filing of this action, Plaintiff has spent time and money in pursuit of the converted property all

7    to Plaintiff's further damage in a sum to be proven at trial.

8        WHEREFORE, Plaintiff FLEXIBLE FUNDING prays for judgment as set forth in the

9        Prayer for Relief below.

10                      **FOURTH CLAIM FOR RELIEF**

11                  **(Breach of Guaranty as to JEREMY HARE)**

12       70.    Plaintiff realleges and incorporates herein by this reference each and every

13    foregoing paragraph of this Complaint as though fully set forth herein.

14       71.    JEREMY HARE executed a Guaranty expressly warranting that they would

15    comply in every aspect with the terms of any agreement that APOLLO had made or may make

16    with FLEXIBLE FUNDING.

17       72.    Plaintiff has performed all conditions, covenants, and promises required to be

18    performed on its part in accordance with the terms and conditions of the Guaranty.

19       73.    JEREMY HARE breached the Guaranty by failing to ensure that APOLLO

20    complied with the terms of the Factoring Agreement.

21       74.    As a result of the breach of the Guaranty, Plaintiff has suffered damages in an

22    amount to be proven at trial, based on assigned invoices in the amount of Four Hundred Eleven

23    Thousand Eight Hundred Thirty-Eight Dollars and Thirty-One Cents ($411,838.31).

24       75.    Pursuant to the Guaranty[2] , JEREMY HARE agreed to pay all attorneys' fees and

25    other costs which may be incurred by FLEXIBLE FUNDING in any way, arising out of,

26    following, or consequential to the enforcement of the obligations of APOLLO, whether under the

27

28

Pahl & McCay
A Professional Corp
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*1879/007 -
00627556.DOCX.
1

---

[2] Guarantor will pay all costs and expenses, including attorneys' fees, incurred by Buyer in enforcing the obligations of Seller and Guarantor.

COMPLAINT FOR BREACH OF CONTRACT...                          (Case No. )

1    Guaranty, the Factoring Agreement, or otherwise.  FLEXIBLE FUNDING has employed the

2    services of the law firm of Pahl & McCay, a Professional Law Corporation, to enforce its rights

3    under the Guaranty, and has incurred and will continue to incur legal fees and costs as a result.

4         WHEREFORE, Plaintiff FLEXIBLE FUNDING prays for judgment as set forth in the

5    Prayer for Relief below.

### FIFTH CLAIM FOR RELIEF

**(Fraud and Deceit)**

8         76.    Plaintiff realleges and Incorporates into this Claim for Relief each and every other

9    paragraph of this Complaint as though fully set forth herein.

10        77.    FLEXIBLE FUNDING is informed and believes based on conversations with the

11   Account Debtors, and thereon declares, that each and every one of the "Managers Approval" for

12   the Employee Timecards is a forgery.

13        78.    FLEXIBLE FUNDING is informed and believes, based on conversations with

14   Results Companies, Boyds LP and Harbor Linens, that each and every one of the invoices

15   submitted to FLEXIBLE FUNDING are patent fabrications; that none of the employees listed in

16   the assigned invoices provided services to the identified companies.

17        79.    In aid of the fraud, JEREMY HARE identified personnel at each of his account

18   debtor's companies in order to verify invoices to facilitate continued  funding  but each of those

19   "contacts" at Harbor Linens and Boyds LP could not be contacted at the provided contact

20   information.  Accounts Payable Personnel at each of the account debtor offices independently

21   contacted asserted that the invoices were invalid.

22        80.    In aid of the fraud, JEREMY HARE notified FLEXIBLE FUNDING that there had

23   been a "mistake" in his office whereby APOLLO inadvertently cashed a small $2,000 check, and

24   offered to immediately replace it.

25        81.    Based on private investigator reports, FLEXIBLE FUNDING has determined that

26   the "business address" for APOLLO, is false.

27        82.    Based on private investigator reports, FLEXIBLE FUNDING has determined that

28   the JEREMY HARE's residence address is false.

Pahl & McCay
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*1879/007 -
00627556.DOCX.
1

83.     FLEXIBLE FUNDING was unaware of the material omissions, falsity or nature of the acts made by JEREMY HARE as alleged in this complaint;

WHEREFORE, Plaintiff FLEXIBLE FUNDING prays for judgment against Defendants as set forth in the Prayer for Relief below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff FLEXIBLE FUNDING prays for judgment against Defendants APOLLO RESEARCH PARTNERS, LLC., and JEREMY HARE as follows:

As to the First and Fourth Causes of Action against Defendants APOLLO RESEARCH PARTNERS, LLC., and JEREMY HARE:

1.     For compensatory damages in an amount to be proven at trial, based on assigned invoices in the amount of Four Hundred Eleven Thousand Eight Hundred Thirty-Eight Dollars and Thirty-One Cents ($411,838.31);

2.     For contractual fees pursuant the terms of the Factoring Agreement and Guaranty.

As to the Second, Third, Fifth and Sixth Causes of Action against Defendants APOLLO RESEARCH PARTNERS, LLC., and JEREMY HARE:

3.     For compensatory damages in an amount to be proven at trial, based on assigned invoices in the amount of Four Hundred Eleven Thousand Eight Hundred Thirty-Eight Dollars and Thirty-One Cents ($411,838.31);

4.     For interest at the maximum legal rate from the date the funds were first due and owing to the date that the funds are returned to Plaintiff;

5.     For punitive and exemplary damages in an amount sufficient to punish Defendants and each of them and to deter others from such conduct in the future.

///
///
///
///
///
///

Pahl & McCay
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*1879/007 -
00627556.DOCX.
1

1    As to all Causes of Action against all Defendants:

2          6.    For costs of suit incurred herein;

3          7.    For attorney's fees incurred herein; and

4          8.    For such other relief as the Court deems just and proper.

5    DATED: June 21, 2018            PAHL & McCAY
                                          A Professional Law Corporation

6

7

8                        By: _____
                                          Catherine Schlomann Robertson, Esq.

9                        Attorneys for Plaintiff
                                          FLEXIBLE FUNDING LTD LIABILITY CO.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Pahl & McCay
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*1879/007 -
00627556.DOCX.
1

# EXHIBIT A

## ACCOUNTS RECEIVABLE FINANCING AGREEMENT



This Agreement is made on **JUNE 16, 2017** by and between:

**FLEXIBLE FUNDING LTD. LIABILITY CO.** ("FLEXIBLE FUNDING"), with offices at One Embarcadero Center, Suite 1510, San Francisco, California 94111, and **APOLLO SEARCH PARTNERS LLC** (hereafter "APOLLO SEARCH PARTNERS"), with offices at 935 Oriental Avenue, Collingswood, New Jersey 08108. The parties hereto hereby agree as follows:

FLEXIBLE FUNDING hereby agrees to provide APOLLO SEARCH PARTNERS services as more fully set forth and specified in this Agreement. Such services shall include: (1) establishing and maintaining for APOLLO SEARCH PARTNERS' benefit an "open end" credit program, as defined under California Financial Code § 26500, using as collateral the assignment by APOLLO SEARCH PARTNERS to FLEXIBLE FUNDING of all of the ACCOUNTS RECEIVABLE resulting from placement of any temporary employees (Hereafter designated as "EMPLOYEE") with a third-party business entity (Hereafter designated as "CLIENT"); (2) administering the accounts created thereby; and providing such other services as more fully described in below. This Agreement, the documents expressly referred to herein, including without limitation schedules attached, hereto constitute the sole understandings between the parties regarding the subject matter hereof; modification thereof may only be made by a written agreement executed by both parties hereto. All terms are to be defined as those terms are commonly understood.

The laws of the State of California shall govern the construction of this Agreement and the rights and duties of the parties hereunder.

### ACCOUNTS MANAGEMENT

1.      APOLLO SEARCH PARTNERS shall, upon execution or consummation of any agreement with a CLIENT for the placement of any EMPLOYEE(s) with that CLIENT in connection with which APOLLO SEARCH PARTNERS desires FLEXIBLE FUNDING to provide services under this Agreement, within three (3) days of such agreement, provide to FLEXIBLE FUNDING information concerning that CLIENT'S bank and trade references. FLEXIBLE FUNDING may conduct a credit investigation of such CLIENT by any commercially reasonable means, including inquiries to Credit Reporting Agencies or concerns such as Experian. In addition, FLEXIBLE FUNDING may notify APOLLO SEARCH PARTNERS of such investigation and share information so received.

2.      FLEXIBLE FUNDING shall advise APOLLO SEARCH PARTNERS of the acceptance or rejection of each CLIENT submitted for funding without waiving its right at any subsequent time to terminate or modify any such acceptance.

3.      APOLLO SEARCH PARTNERS shall furnish to FLEXIBLE FUNDING:

- CLIENT invoices and supporting signed time cards in a format acceptable to Flexible Funding;
- e-mail the outstanding invoice (Aging) data file in a format acceptable to Flexible Funding.

Each signed copy of a time card, the invoice and the outstanding invoice data file shall constitute APOLLO SEARCH PARTNERS' representation to FLEXIBLE FUNDING that the services described therein were in fact rendered and that the receivable evidenced thereby is genuine, bona fide and collectable. On the basis of such representation FLEXIBLE FUNDING shall provide financing funds for APOLLO SEARCH PARTNERS.

4.      Each of such fundings shall become due and payable to FLEXIBLE FUNDING on the date that the CLIENT makes payment to APOLLO SEARCH PARTNERS of the corresponding invoice.

5.      **APOLLO SEARCH PARTNERS** and **FLEXIBLE FUNDING** agree that all invoices to CLIENTS shall designate **APOLLO SEARCH PARTNERS** as the named payee, with specific instructions to deliver payment to P.O. Box 26470, San Francisco, CA 94126 or otherwise electronically deliver to the following FLEXIBLE FUNDING account:

Bank Name: City National Bank
ABA: 122016066
Account Name: Flexible Funding
Account No: 432689107
Phone: 415-391-4320

**The only physical address on invoices shall be P.O. Box 26470, San Francisco, CA 94126.** If any payment is otherwise received by APOLLO SEARCH PARTNERS, either physically or electronically, APOLLO SEARCH PARTNERS shall

1

RD_FLX_USAO 000027

promptly notify the CLIENT in writing to send future payments to P.O. Box 26470, San Francisco, CA 94126, or otherwise electronically deliver to the above stated account.

6.        APOLLO SEARCH PARTNERS agrees that if any collections from CLIENTS are received by APOLLO SEARCH PARTNERS such payment shall be held by APOLLO SEARCH PARTNERS in trust for FLEXIBLE FUNDING, separate and apart from APOLLO SEARCH PARTNERS' own funds, and shall be immediately delivered to FLEXIBLE FUNDING in the identical form in which it was received.

7.        APOLLO SEARCH PARTNERS shall execute all authorizations or other documents requested to establish and maintain FLEXIBLE FUNDING's authority to accept, endorse and deposit all remittances to the account of FLEXIBLE FUNDING.  APOLLO SEARCH PARTNERS hereby appoints FLEXIBLE FUNDING its agent for the purpose of executing all authorizations or other documents to establish and maintain FLEXIBLE FUNDING's authority to accept, endorse and deposit all electronic Account remittances (such as ACH) to the account of FLEXIBLE FUNDING.  APOLLO SEARCH PARTNERS hereby releases, discharges and agrees to hold harmless and indemnify Umpqua Bank and/or City National Bank from any and all actions, suits, causes of action, claims and demands whatsoever, including reasonable attorneys' fees and costs, which APOLLO SEARCH PARTNERS has or may have in the future arising out of the authority APOLLO SEARCH PARTNERS has granted to FLEXIBLE FUNDING to accept, endorse and deposit remittances for APOLLO SEARCH PARTNERS to the FLEXIBLE FUNDING Umpqua Bank account number 992157222 and/or City National Bank account number 432689107.

8.        Upon receipt of the signed copy of the time cards, the invoices and the outstanding invoice data file from APOLLO SEARCH PARTNERS, FLEXIBLE FUNDING shall forward within one (1) business day to APOLLO SEARCH PARTNERS a loan and collection report summarizing all transactions to and from APOLLO SEARCH PARTNERS' account.

## ADVANCES; COMPENSATION TO FLEXIBLE FUNDING

9.        Upon receipt of the signed loan report from APOLLO SEARCH PARTNERS, FLEXIBLE FUNDING shall, within one (1) business day, advance funds to such bank account as APOLLO SEARCH PARTNERS shall designate.  The amount of each such advance shall be specified on the loan report with the maximum advance equal to the Loanable Amount (as defined below) less the aggregate amount of any and all outstanding loan balances hereunder.  In the event that the aggregate loan balance outstanding hereunder at any time exceeds the Loanable Amount, APOLLO SEARCH PARTNERS shall pay such excess to FLEXIBLE FUNDING.

10.       APOLLO SEARCH PARTNERS agrees, in consideration for funds loaned to it by FLEXIBLE FUNDING under this Agreement, to pay to FLEXIBLE FUNDING a one time funding fee for funds loaned, such fee to be charged to APOLLO SEARCH PARTNERS prior to delivery of funds to APOLLO SEARCH PARTNERS.

11.       The one time funding fee to be charged on any monies loaned under this agreement shall be calculated as set forth below and as agreed to in the FLEXIBLE FUNDING weekly Loan Report:

a.        The total amount of funds available to APOLLO SEARCH PARTNERS under this open ended credit program shall be the sum equal to 90% of the aggregate net face amount of all outstanding, unpaid invoices that are (1) not over 60 days unpaid; (2) have not been disqualified by FLEXIBLE FUNDING for credit or other reason(s); and (3) are not disputed by the CLIENT, minus the amount of any outstanding loan amounts (Hereafter the "Loanable Amount").

b.        In respect of each new invoice for which funds are loaned, the following rates shall be used to calculate the funding fee withheld from funds loaned.  Until the aggregate outstanding loan balance equals:

- 33% of the Loanable Amount, the funding fee shall be 1% of the loaned amount;

- 66% of the Loanable Amount, the funding fee shall be 2% of the loaned amount;

- Over 66% of the Loanable Amount, the funding fee shall be:
  2.7% of the loaned amount with billings up to $30,000 per week;
  2.6% of the loaned amount with billings of $30,000 to $45,000 per week;
  2.5% of the loaned amount with billings of $45,000 to $60,000 per week;
  2.4% of the loaned amount with billings of $60,000 to $75,000 per week;
  2.3% of the loaned amount with billings over $75,000 per week.
  2.2% of the loaned amount with billings over $85,000 per week.

2

RD_FLX_USAO 000028

Future increases in the U.S. Prime Rate, as reported by The Wall Street Journal's bank survey, may be passed through as a commensurate increase in the rates specified above.

c.    In no event shall APOLLO SEARCH PARTNERS' aggregate indebtedness on the line of credit at any one time exceed, without FLEXIBLE FUNDING's prior written approval, more than **$500,000.00** (the "LIMIT"). In the event that the balance owing on the line of credit under this Agreement exceeds the Limit, or in the event that said line of credit exceeds the percentage set forth above of the value of eligible accounts, as determined by FLEXIBLE FUNDING, APOLLO SEARCH PARTNERS understands and agrees that there shall be no further advances on the line of credit to the undersigned unless and until APOLLO SEARCH PARTNERS pays the amount of excess, (the "Over Advance"), and APOLLO SEARCH PARTNERS hereby promises to pay such excess upon demand of FLEXIBLE FUNDING.

## COLLATERAL

12.    APOLLO SEARCH PARTNERS hereby agrees that all of its obligations under this Agreement are hereby secured by the assignment to FLEXIBLE FUNDING of the following property (hereinafter the "Collateral"):

a.    All accounts receivable, rights to receive payment for services rendered whether by contract or otherwise, rights to liquidated damages, claims for unliquidated debts (the "Accounts") now existing or hereafter created arising from any business of APOLLO SEARCH PARTNERS (whether or not such Accounts are evidenced by time cards created in connection with the performance of services by APOLLO SEARCH PARTNERS' employees or agents); and

b.    All proceeds from such Accounts, including without limitation, all cash monies, bank accounts, deposit accounts and similar accounts of any kind, and;

c.    All books and records relating to any of the above, including, without limitation, all computer programs, printed output and computer readable data in the possession or control of APOLLO SEARCH PARTNERS, any computer service bureau, FLEXIBLE FUNDING, or any third party.

APOLLO SEARCH PARTNERS agrees to not further encumber the collateral described herein.

13.    APOLLO SEARCH PARTNERS agrees to execute, upon demand by FLEXIBLE FUNDING, any and all Financing Statements, Continuation Statements or other statements useful or necessary to perfect FLEXIBLE FUNDING's security interest hereunder, in whatsoever form FLEXIBLE FUNDING may reasonably require.   APOLLO SEARCH PARTNERS hereby irrevocably appoints FLEXIBLE FUNDING its agent for the purpose of executing and filing any financing statement or similar document which may be necessary to perfect and continue perfected such security interest under the Uniform Commercial Code.

14.    FLEXIBLE FUNDING may, at any time, whether or not APOLLO SEARCH PARTNERS' payment obligations under the ACCOUNTS RECEIVABLE FINANCING AGREEMENT or hereunder have been accelerated:   (i) notify any account debtor that its Account has been assigned to FLEXIBLE FUNDING by APOLLO SEARCH PARTNERS and that payment thereof shall be made to the order of and directly to FLEXIBLE FUNDING and/or (ii) demand, collect or enforce payment of any Accounts.   FLEXIBLE FUNDING shall have no obligation to take any such action and shall have no liability for any failure to collect or enforce payment of any such Accounts.

15.    APOLLO SEARCH PARTNERS warrants and represents that (except insofar as APOLLO SEARCH PARTNERS and FLEXIBLE FUNDING have expressly otherwise agreed in writing):

a.    The Collateral is free and clear of all liens, encumbrances, security interests and adverse claims other than such as were created by this Agreement in favor of FLEXIBLE FUNDING; and

b.    All Accounts included in the calculation of the Available Loan Amount will, when assigned and at all times thereafter, be prime accounts, created by absolute rendering of services, and will be genuine, bona fide and collectible; and

c.    No Account included in the calculation of the Available Loan Amount will, when assigned and at all times thereafter, be subject to any dispute, right of offset, counterclaim, or right of cancellation; and

3

d.  All Accounts included in the calculation of the Available Loan Amount will, when assigned and at all times thereafter, be due and unconditionally payable on terms of thirty (30) days or less, and will conform to the terms expressly set forth on the face of the relevant invoice; no account will be past due at the time assigned; and

e.  All facts, figures, representations given, or caused to be given by APOLLO SEARCH PARTNERS to FLEXIBLE FUNDING in connection with the value of the invoices assigned hereunder will be true and correct. FLEXIBLE FUNDING may verify CLIENT's account balances; and

f.  APOLLO SEARCH PARTNERS' books and records do and will fully and accurately reflect all of APOLLO SEARCH PARTNERS' assets and liabilities (absolute and contingent), have been and will be kept in the ordinary course of business in accordance with generally accepted accounting principles consistently applied and all information contained therein is and will be true and correct; and

g.  All taxes of any governmental or taxing authority due or payable by, or imposed or assessed against, APOLLO SEARCH PARTNERS, have been paid and will be paid in full before delinquency; and

h.  There are no actions or proceedings pending by or against APOLLO SEARCH PARTNERS before any court or administrative agency, and there are no pending, threatened, or imminent governmental investigations, or claims, complaints, or prosecutions involving APOLLO SEARCH PARTNERS; and

i.  APOLLO SEARCH PARTNERS has the legal power and authority to enter into this Agreement and to perform and discharge APOLLO SEARCH PARTNERS' obligations hereunder.

16.  Each warranty and representation contained in this Agreement shall be deemed repeated with each advance of funds and shall be conclusively presumed to have been relied on by FLEXIBLE FUNDING regardless of any investigation made, or information possessed by FLEXIBLE FUNDING. The warranties, representations and agreements set forth herein shall be cumulative and in addition to any and all other warranties, representations and agreements contained in any other document or instrument which APOLLO SEARCH PARTNERS shall give, or cause to be given, to FLEXIBLE FUNDING, either now or hereafter.

## TERMINATION BY FLEXIBLE FUNDING

17.  In the event that:

a.  APOLLO SEARCH PARTNERS fails to comply with any provision of this Agreement; or

b.  APOLLO SEARCH PARTNERS makes any false, misleading or untrue representation or warranty in connection with this Agreement; or

c.  APOLLO SEARCH PARTNERS makes a general assignment for the benefit of its creditors other than FLEXIBLE FUNDING or commences or has commenced against it any proceeding under any Title of the Bankruptcy Code of the United States or under any similar law existing for the relief from creditors; or

d.  A Receiver or Trustee is appointed for APOLLO SEARCH PARTNERS or any proceeding is instituted for the dissolution or full or partial liquidation of APOLLO SEARCH PARTNERS; or

e.  A sale or transfer is effected of APOLLO SEARCH PARTNERS in one or a series of related transactions of fifty percent (50%) or more of the interests of APOLLO SEARCH PARTNERS without the prior written approval of FLEXIBLE FUNDING, which approval shall not be unreasonably withheld; or

f.  Any change occurs in APOLLO SEARCH PARTNERS' business or business structure, including, without limitation, the ownership thereof, or financial condition, or disputes between principals/managers/officers, which, in its sole discretion, causes FLEXIBLE FUNDING to deem itself insecure; or

g.  Any subordination agreement whereby any indebtedness of APOLLO SEARCH PARTNERS to any third party is subordinated to APOLLO SEARCH PARTNERS' obligations to FLEXIBLE FUNDING is amended without the consent of FLEXIBLE FUNDING or is breached or repudiated in any manner by a third party;

then, in any such case, FLEXIBLE FUNDING may  suspend or terminate FLEXIBLE FUNDING's obligations to make advances and/or render other services hereunder, in which event APOLLO SEARCH PARTNERS shall be obligated, without further demand, protest or notice of any kind, to pay immediately to FLEXIBLE FUNDING the full amount of all loans outstanding hereunder. Upon termination, FLEXIBLE FUNDING may take all steps deemed necessary to effect collection of the accounts.

4

18.     In the absence of conditions set forth in Section 17, FLEXIBLE FUNDING may terminate its obligations under this Agreement provided it has given written notice to APOLLO SEARCH PARTNERS at least sixty (60) days prior to the effective date of termination, with all loan amounts becoming immediately due and payable on the effective date of termination.

19.     This Agreement and the security interests hereby granted shall remain in effect until such time as all payment obligations to FLEXIBLE FUNDING have been paid and satisfied in full.

20.     All amounts received by FLEXIBLE FUNDING from Accounts assigned to FLEXIBLE FUNDING hereunder shall be applied to pay APOLLO SEARCH PARTNERS' outstanding indebtedness to FLEXIBLE FUNDING. Any amount remaining after payment in full of all of APOLLO SEARCH PARTNERS' outstanding indebtedness to FLEXIBLE FUNDING shall be remitted promptly to APOLLO SEARCH PARTNERS. At such time as all obligations of APOLLO SEARCH PARTNERS to FLEXIBLE FUNDING shall have been indefeasibly paid and satisfied in full and FLEXIBLE FUNDING shall have no further obligations to provide financing under the ACCOUNTS RECEIVABLE FINANCING AGREEMENT, FLEXIBLE FUNDING will re-assign to APOLLO SEARCH PARTNERS any and all interests it may have in the Collateral and will execute such termination statements as APOLLO SEARCH PARTNERS may reasonably request.

21.     In the event that payment of the loan amounts outstanding is not made timely by APOLLO SEARCH PARTNERS as required in the above paragraphs, then interest shall accrue and be payable upon demand commencing on the 60th day thereafter. Such interest shall be calculated upon the average daily outstanding loan balance from such 60th day to the date of payment at a rate per annum equal to eighteen percent (18%).

### TERMINATION BY APOLLO SEARCH PARTNERS

22.     In the event that:

    a.      FLEXIBLE FUNDING fails to pay to APOLLO SEARCH PARTNERS when due any monies owing to APOLLO SEARCH PARTNERS under this Agreement; or

    b.      FLEXIBLE FUNDING fails to perform timely the services to be rendered by FLEXIBLE FUNDING hereunder,

then, APOLLO SEARCH PARTNERS may notify FLEXIBLE FUNDING of its intent to terminate this Agreement, which termination shall become effective only upon the payment to FLEXIBLE FUNDING of the full amount of loans outstanding hereunder and any interest payable. If such amounts are not paid in full within sixty (60) days after delivery of such notice of intent to terminate, then interest shall accrue and be payable upon demand commencing on the 60th day thereafter. Such interest shall be calculated upon the average daily outstanding loan balance from such 60th day to the date of payment at a rate per annum equal to eighteen percent (18%).

23.     APOLLO SEARCH PARTNERS may terminate this Agreement at any time, for any reason, provided it has given written notice to FLEXIBLE FUNDING at least sixty (60) days prior to the effective date of termination and further provided that all loan amounts outstanding and interest, if any, payable hereunder shall have been paid in full to FLEXIBLE FUNDING prior to the effective date of termination.

24.     Upon termination of this Agreement for any reason, FLEXIBLE FUNDING shall render an accounting for all accounts to APOLLO SEARCH PARTNERS. Termination of this Agreement shall not relieve or discharge APOLLO SEARCH PARTNERS from its payment obligations to FLEXIBLE FUNDING until such time as all payment obligations to FLEXIBLE FUNDING have been paid and satisfied in full.

### LIABILITY INSURANCE AND EMPLOYEE BONDS

25.     APOLLO SEARCH PARTNERS shall provide FLEXIBLE FUNDING with proof of EMPLOYEE bonding, workers compensation and liability insurance. APOLLO SEARCH PARTNERS shall notify FLEXIBLE FUNDING of any changes in insurance and shall ensure that FLEXIBLE FUNDING is named on the certificate of insurance list as an additional named insured.

### INDEMNIFICATION

26.     APOLLO SEARCH PARTNERS agrees and warrants that under no circumstances are EMPLOYEES of APOLLO

5

RD_FLX_USAO 000031

SEARCH PARTNERS to be considered EMPLOYEES of FLEXIBLE FUNDING for any purpose, including but not limited to, any state or federal wage and hour law, federal withholding, state withholding, withholding to other taxing authority or health benefits program; EMPLOYEES shall at all times be recognized as the employees of APOLLO SEARCH PARTNERS for all purposes. APOLLO SEARCH PARTNERS shall promptly after each pay period as required, make payments to the Internal Revenue Service for federal taxes; to the State for state taxes; and to any other governmental agency to whom any tax or similar payment obligation is due with respect to EMPLOYEES' activities. APOLLO SEARCH PARTNERS shall cause FLEXIBLE FUNDING to be given promptly suitable evidence of all such payments.

27.     APOLLO SEARCH PARTNERS warrants that all of its EMPLOYEES are legally entitled to be employed in the United States and agrees to defend and hold harmless FLEXIBLE FUNDING, its directors, officers, employees and agents, for any failure on the part of APOLLO SEARCH PARTNERS to comply with relevant immigration, non-discrimination, employment and employee-benefit laws.

28.     APOLLO SEARCH PARTNERS agrees to defend, indemnify and hold FLEXIBLE FUNDING harmless from and against any claim, charge, loss, legal or other expense, or alleged claim, defense or offset arising out of the performance (or non-performance) by an EMPLOYEE of services for a CLIENT or arising from or in connection with collection of a CLIENT's obligations for APOLLO SEARCH PARTNERS' services.

## WAIVER

29.     The failure of FLEXIBLE FUNDING or APOLLO SEARCH PARTNERS to enforce any of the terms and provisions of this Agreement, or the failure to exercise any right upon a default hereunder shall apply only in the particular instance and shall not operate as a continuing waiver of rights.

## NOTICE

30.     Any NOTICE, Request or Demand under this Agreement shall be in writing.

31.     Any NOTICE, Request or Demand sent by First Class Mail shall be deemed received and effective on the day on which it is received.

32.     Any NOTICE, Request or Demand sent by registered or certified mail, with or without return receipt requested, and properly addressed, with postage prepaid shall be effective on the third business day after the date on which it is so mailed or the day on which such notice is actually received, whichever is the earliest.

33.     NOTICE of any change of address by either party shall be in writing and mailed not less than ten (10) days prior to any change of address of such party's principal place of business. APOLLO SEARCH PARTNERS shall notify FLEXIBLE FUNDING of any and all changes or additions to its places of business.

## INSPECTION AND REPORTING

34.     FLEXIBLE FUNDING, through its agents or employees, shall have the right to inspect and audit the books and records of APOLLO SEARCH PARTNERS pertaining to transactions subject to this Agreement at all reasonable times without hindrance or delay at FLEXIBLE FUNDING's expense. APOLLO SEARCH PARTNERS shall provide FLEXIBLE FUNDING with copies of its quarterly balance sheet, income statement and Employer's Quarterly Federal Tax Return, Form 941, by the 30th day following the end of each quarter. IRS tax payments made using EFPTS shall be monitored by providing FLEXIBLE FUNDING with the password to monitor tax deposits. If employing a payroll or other service for tax deposits, APOLLO SEARCH PARTNERS agrees to furnish FLEXIBLE FUNDING with quarterly reports verifying such deposits.

35.     APOLLO SEARCH PARTNERS shall have the right to inspect and audit the books and records of FLEXIBLE FUNDING pertaining to transactions subject to this Agreement upon termination of this Agreement by either party or upon default by FLEXIBLE FUNDING without hindrance or delay at APOLLO SEARCH PARTNERS' expense.

## ASSIGNMENT

36.     This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, representatives, successors or permitted assigns, and may be assigned by FLEXIBLE FUNDING, but shall not be assignable by APOLLO SEARCH PARTNERS without the express, written consent of FLEXIBLE FUNDING.

6

37.     Any attempted assignment by APOLLO SEARCH PARTNERS of its rights or obligations under this Agreement without the express, prior written consent of FLEXIBLE FUNDING shall be void, and any permitted assignment will not excuse APOLLO SEARCH PARTNERS' obligations to FLEXIBLE FUNDING without a full release of such obligations and duties, signed by both parties. FLEXIBLE FUNDING may still proceed against APOLLO SEARCH PARTNERS on any payment obligation outstanding at the time of assignment until such obligation is indefeasibly fulfilled by APOLLO SEARCH PARTNERS or its assigns.

38.     The parties anticipate that FLEXIBLE FUNDING may assign its rights in the collateral provided under this Agreement and monies receivable by it hereunder to its lender(s). APOLLO SEARCH PARTNERS agrees to such assignment and that any such assignee shall be a third-party beneficiary of this Agreement.

## SEVERABILITY OF PROVISIONS

39.     Each and every provision of this Agreement shall be severable from every other provision for the purposes of determining legal enforceability of any such provision or provisions.

## COMMUNICATION

40.     Both parties agree to communicate with one another fully and in good faith, particularly about business conditions, changes, concerns and or other matters pertaining to APOLLO SEARCH PARTNERS' business, and each shall inform the other as soon as possible but not later than five days after any relevant occurrence.

41.     Any dispute between FLEXIBLE FUNDING and APOLLO SEARCH PARTNERS arising out of or in connection with this Agreement shall, to the extent permitted by law, be determined by binding arbitration before an arbitrator of the American Arbitration Association in San Francisco. The proceeding will be governed by the rules of that Association. The losing party shall pay to the prevailing party any and all legal expenses and reasonable attorneys' fees incurred by the prevailing party in enforcing this Agreement.

## AUTHORITY

42.     APOLLO SEARCH PARTNERS LLC is a Corporation, existing and in good standing under the laws of the State of New Jersey. The execution, delivery and performance of this Agreement and the documents contemplated herein are within APOLLO SEARCH PARTNERS' powers, have been duly authorized, and are not in contravention of any law, the terms of any indenture, agreement or undertaking to which APOLLO SEARCH PARTNERS is a party or by which it is bound.

43.     APOLLO SEARCH PARTNERS hereby authorizes, and FLEXIBLE FUNDING hereby agrees to accept, instructions from any personnel authorized by an officer of APOLLO SEARCH PARTNERS, for purposes of the representations set forth above and for confirming any loan report.

## FLEXIBILITY

44.     FLEXIBLE FUNDING's rights and remedies under this Agreement shall be cumulative and FLEXIBLE FUNDING shall have all other rights and remedies not inconsistent therewith as provided by law. No exercise by FLEXIBLE FUNDING of one right or remedy shall be deemed an election and no waiver by FLEXIBLE FUNDING of any default on APOLLO SEARCH PARTNERS' part shall be deemed a continuing waiver. No delay by FLEXIBLE FUNDING shall constitute a waiver or election.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement JUNE 16, 2017.

*for* FLEXIBLE FUNDING LTD. LIABILITY CO.                    *for* APOLLO SEARCH PARTNERS LLC

Steve Capper          Paul DeLuca                              Jeremy Hare

7

# EXHIBIT B

## UNCONDITIONAL GUARANTY

To induce FLEXIBLE FUNDING LTD. LIABILITY CO., ("FLEXIBLE FUNDING") to extend or to continue to extend financial accommodations to APOLLO SEARCH PARTNERS LLC ("APOLLO SEARCH PARTNERS"), the undersigned guarantor ("Guarantor") hereby unconditionally and irrevocably undertakes to FLEXIBLE FUNDING as follows:

1. <u>Promise to Pay and Perform</u>. Guarantor irrevocably guarantees to FLEXIBLE FUNDING the prompt performance of all obligations of APOLLO SEARCH PARTNERS of every kind and character owed to FLEXIBLE FUNDING (the "Guaranteed Obligations"). Guarantor shall pay on demand by FLEXIBLE FUNDING all sums due including interest, court costs, and reasonable attorneys fees that may arise due to guarantors default.

2. <u>Waivers by Guarantor</u>. Guarantor waives all rights and defenses arising out of any election of remedies by FLEXIBLE FUNDING, even though that election of remedies, such as a non-judicial foreclosure with respect to security for a guaranteed obligation, has destroyed Guarantor's rights of subrogation and reimbursement against APOLLO SEARCH PARTNERS by operation of Section 580d of the California code of civil procedure or otherwise.

3. <u>Governing Law</u>. This guaranty shall be deemed to have been made in the State of California and the validity, construction, interpretation, and enforcement hereof, and the rights of the parties hereto, shall be determined under, governed by, and constructed in accordance with the laws of the State of California, without regard to principles of conflicts of Law.

IN WITNESS WHEREOF, Guarantor has executed this Guaranty on June 17th, 2017

Jeremy Hare

Address: 935 Oriental Ave
Collingswood, NJ 08108

Please have this page notarized

GREGORY KOSTIC MADRACK
Notary Public
State of New Jersey
My Commission Expires Jan 7, 2019

June 17th, 2017

RD_FLX_USAO 000036

# EXHIBIT C

## Outstanding Invoice Report

9/11/2017 10:58:28 AM

| Invoice # | Account Name | Invoice Amount | Invoice Date | Aged | Amount Paid | Date Paid |
|-----------|--------------|----------------|--------------|------|-------------|-----------|
| 1608 | Results Companies | $60,135.45 | 8/15/2017 | 27 | $0.00 | |
| 1605 | Results Companies | $59,724.37 | 8/8/2017 | 34 | $0.00 | |
| 1602 | Results Companies | $59,567.88 | 8/1/2017 | 41 | $0.00 | |
| 1600 | Results Companies | $57,215.82 | 7/25/2017 | 48 | $0.00 | |
| 1598 | Results Companies | $57,106.78 | 7/18/2017 | 55 | $0.00 | |
| 1596 | Results Companies | $48,942.58 | 7/11/2017 | 62 | $0.00 | |
| 1594 | Results Companies | $43,692.07 | 7/3/2017 | 70 | $0.00 | |
| 1592 | Results Companies | $33,441.92 | 6/27/2017 | 76 | $0.00 | |
| 1587 | Results Companies | $16,203.00 | 6/20/2017 | 83 | $0.00 | |
| | | $436,029.87 | | | | |

RD_FLX_USAO 000448

# Outstanding Invoice Report

9/11/2017 12:27:55 PM

| Invoice # | Account Name | Invoice Amount | Invoice Date | Aged | Amount Paid | Date Paid |
|-----------|--------------|----------------|--------------|------|-------------|-----------|
| 1609 | Harbor Linens | $1,208.19 | 8/15/2017 | 27 | $0.00 | |
| 1606 | Harbor Linens | $1,020.00 | 8/8/2017 | 34 | $0.00 | |
| 1603 | Harbor Linens | $816.00 | 8/1/2017 | 41 | $0.00 | |
| 1601 | Harbor Linens | $1,097.65 | 7/25/2017 | 48 | $0.00 | |
| 1599 | Harbor Linens | $1,215.08 | 7/18/2017 | 55 | $0.00 | |
| 1597 | Harbor Linens | $930.75 | 7/11/2017 | 62 | $0.00 | |
| | | $6,287.67 | | | | |

RD_FLX_USAO 000449

## Outstanding Invoice Report

| Invoice # | Account Name | Invoice Amount | Invoice Date | Aged | Amount Paid | Date Paid |
|-----------|--------------|----------------|--------------|------|-------------|-----------|
| 1610 | Boyds L.P. | $8,407.21 | 8/15/2017 | 27 | $0.00 | |
| 1607 | Boyds L.P. | $7,929.09 | 8/8/2017 | 34 | $0.00 | |
| 1604 | Boyds L.P. | $8,646.27 | 8/1/2017 | 41 | $0.00 | |
| | | $24,982.57 | | | | |

RD_FLX_USAO 000450

# EXHIBIT D

# EXHIBIT D

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
Corporation Service Company                    8008585294

**B. E-MAIL CONTACT AT FILER (optional)**
filingdept@cscinfo.com

**C. SEND ACKNOWLEDGMENT TO:  (Name and Address)**

Corporation Service Company
801 Adlai Stevenson Drive
Springfield, IL 62703
US

State of New Jersey
Department of the Treasury
Division of Revenue & Enterprise Services
UCC Section
Filed

Filing Number: 52279573

06/21/17 9:26:31

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S NAME:** Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Apollo Search Partners LLC | | | |
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 935 Oriental Avenue | Collingswood | NJ | 08108 | US |

**2. DEBTOR'S NAME:** Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

**3. SECURED PARTY'S NAME** (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Flexible Funding, LLC | | | |
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| One Embarcadero Ctr. Suite 1510 | San Francisco | CA | 94111 | US |

**4. COLLATERAL:** This financing statement covers the following collateral:
All accounts receivable, rights to receive payment for services rendered whether by contract or otherwise, rights to liquidated damages, claims for unliquidated debts (the "Accounts") now existing or hereafter created arising from any business of APOLLO SEARCH PARTNERS LLC (whether or not such accounts are evidenced by time cards created in connection with the performance of services by APOLLO SEARCH PARTNERS LLC employees or agents); and all proceeds from such accounts, including without limitation, all cash monies, bank accounts, deposit accounts and similar accounts of any kind; and all present and future books and records including, without limitation, all computer programs, printed output, and computer readable data relating to any of the above in the possession or control of APOLLO SEARCH PARTNERS LLC, any computer service bureau, FLEXIBLE FUNDING LTD. LIABILITY CO. or any third party.

NOTICE -- PURSUANT TO AN AGREEMENT BETWEEN APOLLO SEARCH PARTNERS LLC AND FLEXIBLE FUNDING LTD. LIABILITY CO., APOLLO SEARCH PARTNERS LLC HAS AGREED NOT TO FURTHER ENCUMBER THE COLLATERAL DESCRIBED HEREIN.

**5.** Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

**6a.** Check only if applicable and check only one box:
☐ Public-Finance Transaction  ☐ Manufactured-Home Transaction  ☐ A Debtor is a Transmitting Utility

**6b.** Check only if applicable and check only one box:
☐ Agricultural Lien  ☐ Non-UCC Filing

**7. ALTERNATIVE DESIGNATION** (if applicable): ☐ Lessee/Lessor  ☐ Consignee/Consignor  ☐ Seller/Buyer  ☐ Bailee/Bailor  ☐ Licensee/Licensor

**8. OPTIONAL FILER REFERENCE DATA:**

RD_FLX_USAO 000037

State of New Jersey
Department of the Treasury
Division of Revenue
PO Box 303
Trenton, New Jersey 08646-0303
(609) 292-9292

Corporation Service Company

801 Adlai Stevenson Drive

Springfield, IL 62703

8008585294

filingdept@cscinfo.com

UCC1 Filing

FILING NUMBER: 52279573

Confirmation Number: 7662980

| Date Received: | 6/21/2017 |
| Statutory class: | UCCWEB |
| Payment Method: | MASTERCARD |

RD_FLX_USAO 000038